**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Richard AINESWORTH,
Defendant-Appellant.**

No. 82–1318.

United States Court of Appeals,
Tenth Circuit.

Aug. 30, 1983.

Kenneth P. Snoke, Asst. U.S. Atty., Tulsa, Okl. (Frank Keating, U.S. Atty., and James L. Swartz, Asst. U.S. Atty., N.D. Okl., Tulsa, Okl., were on the brief), for plaintiff-appellee.

Art Fleak, Jr., Tulsa, Okl., for defendant-appellant.

Before SETH, Chief Judge, LOGAN, Circuit Judge, and BRATTON, District Judge *.

BRATTON, District Judge.

Defendant was convicted by a jury of possession of a firearm after conviction of a felony, in violation of 18 U.S.C. app. § 1202(a)(1) (1976). He was sentenced to one year in prison. On appeal, he contends that reversible error occurred during voir dire, final argument and sentencing. We disagree and affirm.

## I. VOIR DIRE

■ Defendant first argues that the trial court erred when it denied his counsel's request to conduct voir dire. Rule 24(a) of the Federal Rules of Criminal Procedure leaves the conduct of voir dire up to the district court: "The court may permit the defendant or his attorney and the attorney for the government to conduct the examination of prospective jurors or may itself conduct the examination." We have previously dismissed this argument as frivolous and do so again. *United States v. Grismore,* 546 F.2d 844, 848 (10th Cir.1976).

Defendant also asserts that the court erred when it refused to ask certain questions of the jury panel that defendant had proposed. In his brief he lists a number of his questions that the court did not ask, but he discusses only two: question 22, "Are you a light or heavy drinker?"; and question 28, "Do you have any personal knowledge of any gun related deaths or injuries, if so give details?"

■ The conduct of voir dire lies within the sound discretion of the trial court. "[T]he court's exercise of that discretion will not be disturbed unless there is a clear showing of abuse." *United States v. Hall,* 536 F.2d 313, 324 (10th Cir.), *cert. denied,* 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976). As defendant's drinking habits were not at issue in the trial, there was no abuse of discretion in refusing to ask questions on this subject. As the court did ask the panel members if they had ever been victims of crimes, there was no abuse in

* Howard C. Bratton, Chief Judge, United States District Court for the District of New Mexico, sitting by designation.

refusing to ask question 28. Arguably, a juror could have been biased against defendant as a result of a gun-related accident as well as a gun-related crime. However, the court's voir dire focused on the "substance" of defendant's proposed inquiries, *id.* at 325, and thus its refusal to interrogate the jury panel in the particular manner proposed by defendant did not amount to an abuse of discretion.

## II. FINAL ARGUMENT

During closing argument, the prosecutor made the following statement: "I anticipate that the court ... [will instruct you on actual possession]. *To my mind,* from the evidence in the case, it has been shown that the defendant did in fact possess this firearm, knowingly possess. There is no evidence...." (Emphasis added.) Defendant contends that the court erred in refusing to sustain his objection to this statement and declare a mistrial.

■ Allegations of prosecutorial misconduct implicate the due process rights of a defendant. *United States v. Carleo,* 576 F.2d 846, 851 (10th Cir.), *cert. denied,* 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 152 (1978). Due process will not permit a prosecutor to use his closing argument to testify to a jury. *United States v. Segal,* 649 F.2d 599, 604 (8th Cir.1981); *United States v. Latimer,* 511 F.2d 498, 503 (10th Cir.1975). Thus, he may not, without qualification, express his personal opinion as to certain evidence or that the accused is guilty of the crime charged. *Segal,* 649 F.2d at 604; *United States v. Rios,* 611 F.2d 1335, 1343 (10th Cir.1979). Similarly, he may not mention facts not in evidence to support a finding of guilt, *Latimer,* 511 F.2d at 503; *Marks v. United States,* 260 F.2d 377, 383 (10th Cir. 1958), *cert. denied,* 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302 (1959), he may not personally attest to the credibility of government witnesses or attack the credibility of defense witnesses, *Carleo,* 576 F.2d at 852; *United States v. Ludwig,* 508 F.2d 140, 143 (10th Cir.1974), nor may he place his own integrity and credibility in issue. *Latimer,* 511 F.2d at 503; *Ludwig,* 508 F.2d at 140;

*United States v. Perez,* 493 F.2d 1339, 1343 (10th Cir.1974). However, reversible error does not occur if a prosecutor states that, *on the basis of the evidence in the case,* it is his belief that the defendant is guilty. *Segal,* 649 F.2d at 604; *Carleo,* 576 F.2d at 852; *United States v. Splain,* 545 F.2d 1131, 1135 n. 2 (8th Cir.1976); *United States v. LeFevre,* 483 F.2d 477, 479 (3d Cir.1973). Such a remark, phrased as it is as personal opinion, is not to be condoned. *Carleo,* 576 F.2d at 852. However, as it is not "testimonial in nature," *id.,* it does not violate due process.

■ In the case at bar, the prosecutor stated, "To my mind, from the evidence in the case, it has been shown that the defendant did in fact possess, knowingly possess." Those words fall in the latter category. Fairly construed, the phrase "to my mind" refers to the prosecutor's memory, not his opinion. But even if it is viewed as an expression of opinion, it is a belief that, on the basis of the evidence, defendant is guilty. The prosecutor was not testifying: he did not suggest the existence of additional incriminating evidence or offer a personal assessment of the credibility of a witness. In a word, the statement did not deprive defendant of a fair trial.

## III. SENTENCING

Prior to the sentencing hearing, the defendant was given a copy of the presentence report ("PSR") that was prepared by the probation officer for the trial court. However, a portion of the report had been excised. At the hearing defendant objected to this deletion, arguing that he had a right, pursuant to the due process clause of the Constitution as well as Federal Rule of Criminal Procedure 32(c)(3), to read and respond to everything in the PSR except the probation officer's bare recommendation of sentence. The trial court overruled this objection. It stated that only two sentences of the PSR had been deleted from the copy given to the defendant, that both sentences were part of the probation officer's recommendation and thus confidential, and that it would disregard the recommen-

dation anyway. Defendant renews his argument on appeal.

 Initially, we note that it is settled that a court's denial of access to a PSR does not deprive a defendant of his due process rights. *Johnson v. United States,* 485 F.2d 240, 242 (10th Cir.1973); *United States v. Gardner,* 480 F.2d 929, 932 (10th Cir.), *cert. denied,* 414 U.S. 977, 94 S.Ct. 297, 38 L.Ed.2d 220 (1973).

Rule 32(c) requires the probation service of the court to investigate a defendant's background and prepare a report that contains information helpful to the court in reaching a sentence determination. Rule 32(c)(3)(A) provides for disclosure to the defendant:

> Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, but not to the extent that in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon and, at the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in the presentence report.

Without the benefit of seeing the deleted portion of the PSR, at oral argument both parties discussed whether Rule 32(c)(3) should be construed to require disclosure of new factual information and/or the probation officer's reasoning if it is contained in the sentence recommendation. However, it is unnecessary to address this issue on the present facts. The PSR is part of the record on appeal, and we have read the deleted portion. It contains only an outline of sentencing alternatives and the naked recommendation. This is clearly subject to non-disclosure, and thus the trial court complied with the rule.

In light of the foregoing, the judgment below is affirmed.