**Seth MASON and Carl Peterson,**
**Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 82–1703, 82–1704.**

United States Court of Appeals,
Tenth Circuit.

Oct. 21, 1983.

Bruce S. Asay, Cheyenne, Wyo., for appellants.

David A. Kern, Asst. U.S. Atty., Cheyenne, Wyo. (Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., with him on the brief), for appellee.

Before SETH, Chief Judge, and DOYLE and MILLER,* Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a criminal case involving defendants Seth Mason and Carl Peterson. These two men were each charged and convicted of two counts of possession of narcotics with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). The appeal is from these convictions.

This transaction had its beginning in a Best Western Motel in Caspar, Wyoming. Mason, Peterson, and several others checked into the motel at different times in late January, 1982. Karen Kinion, who was the manager of the motel, became suspicious of the group when she noticed a lot of local traffic to and between the rooms of Peterson and Kenneth Fitzgerald. She also overheard a phone conversation in which Fitzgerald said that he was waiting for more "shit," a slang expression meaning drugs. Mason, Peterson, Fitzgerald and their companions checked out of the motel on January 29, 1982. At that time a maid found a "snow-seal" with a white powdery substance on it which was left behind in room 60. Kinion alerted the police.

On February 2 and 3 members of the group including Fitzgerald, Mason, and Peterson, returned to the motel. Kinion called the police to report the return of the group. The police set up a surveillance on February 4 and observed Fitzgerald helping Mason move from room 35 to room 48. Drug paraphernalia was found in the room that Mason had vacated. Also observed was movement between Mason's and Fitzgerald's rooms and furtive activity of the defendants.

Police obtained a search warrant at 7:00 p.m. on February 4. This was based upon items found in the cleaning of Fitzgerald's room, items found in the room vacated by Mason, and the observations of the police. The Wyoming judge approved the serving of the warrant at any time. The police conducted their search at 7:30 p.m. and found quantities of drugs and drug paraphernalia in rooms 46 and 48. The defendants were convicted on the basis of this evidence.

The points raised by the defendants are:

First, they argue that the trial court should have suppressed evidence seized pursuant to the warrant because the police had no probable cause to procure the warrant

and because the warrant was served at night in contravention of Wyoming law.

Second, the defendants claim that the prosecutor's closing argument was inappropriate, and denied them a fair trial.

Third, the defendants allege that the trial judge improperly excluded the testimony of defendants' expert witness who sought to give his opinion on the quality of the police work.

Fourth, Mason argues that the trial court committed reversible error in denying Mason's motion for a severance.

Fifth, Peterson argues that his conviction should be reversed because he was denied effective assistance of counsel.

## I. DID THE TRIAL JUDGE PROPERLY DENY MOTIONS TO SUPPRESS EVIDENCE SEIZED FROM THE DEFENDANT'S MOTEL ROOM?

■ A contention of the defendants is that the police did lack probable cause to secure the arrest; that the fruits of the search should have been excluded at trial. The claim is that the police affidavit was misleading in that it erroneously assumed the existence of suspicious activity, and alleged conclusions that the police could not validly make. The question is whether or not there was probable cause. In other words was there information enough to warrant a man of reasonable caution to believe that the offense had been or was being committed. *United States v. Haala,* 532 F.2d 1324, 1327 (10th Cir.1976); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The standard for the issuance of a warrant is that there was a showing of a reasonable probability of criminal activity. A prima facie case is unnecessary. *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969); *Beck v. Ohio,* 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964).

■ If the warrant is valid on its face, it may only be challenged on a substantial showing that the affiant included in the affidavit false statements made knowingly or in reckless disregard for the truth. In such a situation the defendant must be given a hearing under the fourth amendment if the false statements are necessary to a finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978).

■ There has been no substantial showing that the affiant included in the affidavit false statements made knowingly or in reckless disregard of the truth. The affidavit for the warrant states facts sufficient to justify the issuance of this warrant. Here the affidavit recites that the police received a report of suspicious activity; also the police observed the defendants acting nervously. More important was discovery by police of items believed to be drug paraphernalia found in defendants' rooms. A cocaine wrapper or "snow-seal" was discovered in the trash of a vacated room. The facts recited, without more, adequately justify a finding of probable cause.

■ There is not the slightest evidence that the police knowingly, recklessly or otherwise included false statements in the affidavit. Nor have defendants shown any substantial inaccuracies. About as close as the defendants come is their allegation that the police negligently concluded that the defendants acted nervously and suspiciously. Police negligence is insufficient to justify a *Franks* hearing. *See United States v. Smith,* 588 F.2d 737, 739–40 (9th Cir.1978), *cert. denied,* 440 U.S. 939, 99 S.Ct. 1287, 59 L.Ed.2d 498 (1979).

■ The defendants place heavy reliance upon the fact that the service of the summons was at night and that this is in violation of Wyoming law. Rule 40(c) of the Wyoming Rules of Criminal Procedure directs that a warrant should be served during the day, unless good cause is shown for its issuance at "any time." Wyo.Stat. § 35–7–1045(d) provides that:

A search warrant relating to offenses involving controlled substances may be served at any time of the day or night if the judge or district court commissioner issuing the warrant is satisfied that there is probable cause to believe that grounds exist for the warrant and for its service at such time.

The warrant in the present case was obtained by a Wyoming police officer and was issued by a Wyoming judge. The parties appear to agree that Wyoming law controls on the issue of the nighttime search.

Defendants maintain that the statute referred to adds nothing to the general rule of procedure governing warrants, and that this means that Wyoming requires an additional showing of probable cause to justify a nighttime search, even for controlled substances. The Wyoming court has not interpreted this statute cited above. However, the state statutes are virtually identical to the federal provisions embodied in the Federal Rules of Criminal Procedure 41(c) and 21 U.S.C. § 879(a). The language of the state and federal statutes do not differ.

In considering the federal counterpart to the Wyoming law, the United States Supreme Court has held that the more specific statute regarding nighttime searches for narcotics supercedes the more general rules of criminal procedure. *Gooding v. United States,* 416 U.S. 430, 439, 94 S.Ct. 1780, 1785, 40 L.Ed.2d 250 (1974). The court held that 21 U.S.C. § 879(a) does not require special showing for a nighttime search. It is adequate to have a showing that the contraband is likely to be on the property or person to be searched at that time. *Gooding,* 416 U.S. at 458, 94 S.Ct. at 1794.

Wyoming is free to construe its own rules and statutes differently than the United States interprets its identical rules. However, the Wyoming court has not done so. According to the dissent of Justice Marshall in *Gooding,* the statutory scheme is susceptible to the interpretation offered by the defendants. *Gooding, supra* 94 S.Ct. at 1796–1800. In the absence of guidance from the Wyoming courts, however, we must adhere to the statutory construction given by the United States Supreme Court. This is particularly true in light of the Wyoming Supreme Court's holding that when local statutes derive from federal laws, "precedent emanating from the federal courts on such matters must be given great weight." *Dobbins v. State,* 483 P.2d 255, 258 (Wyo.1971).

Inasmuch as probable cause existed for the search warrant, the same probable cause sufficed to justify the search for narcotics under the *Gooding* interpretation of the federal law adopted by the State of Wyoming. Defendants' claim that the search violated Wyoming law, therefore, has no merit and cannot serve as a basis for suppressing the evidence seized pursuant to the arrest.

## II. WHETHER THE PROSECUTION'S CLOSING ARGUMENT WAS INVALID SO AS TO INTERFERE WITH THE DEFENDANTS HAVING A FAIR TRIAL.

 It was said that the prosecutor injected his personal opinions about the defendants' guilt into the case. Without going into all of the remarks, he offered an example. He compared the defendants to monkeys who saw no evil, heard no evil and he added smelled no evil. The comparison was not a very good one. He probably could have brought his point home in a more effective way. However it is apparent that what he said was a sardonic offering. This is often risky and is better left unsaid. We do not believe that the statement violated the ABA standards or deprived defendants of a fair trial. There was no objection to closing arguments when they were made. This gives some indication that there was not a serious objection at the time. This has an effect on the possible ruling of illegality. *United States v. Ward,* 481 F.2d 185, 187 (5th Cir.1973); *cf. United States v. Fancutt,* 491 F.2d 312, 314 (10th Cir.1974).

The United States Attorney has a position of high importance in the judicial system and may hold particular sway over the jury in a criminal case. "Consequently, improper suggestions, insinuations and, especially testimonial information are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States,* 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). Prejudice in making statements of this kind can easily be determined to be reversible error, but in this case we do not so find.

This court has held that a finding of plain error requires a prosecutorial misconduct situation which is grave. The stronger the case against the defendant, the less likely it is that the misconduct constitutes plain error. *United States v. Shovea,* 580 F.2d 1382, 1391 (10th Cir.1978); *United States v. Bettenhausen,* 499 F.2d 1223, 1233 (10th Cir.1974).

In the case before us the comments are not plainly personal opinions. Moreover this was a case in which the evidence was in and of itself more than enough to secure a conviction. The government introduced testimony from officers and motel employees who had observed the defendants and also produced a large amount of narcotics which was seized from the defendants' motel rooms.

## III. THE ALLEGED ERROR IN EXCLUDING THE TESTIMONY OF DEFENDANTS' EXPERT.

The defendants sought to introduce the testimony of a private detective and offered to have him testify regarding the inadequacy of the investigation techniques employed by the police. The effort was to establish that the inadequate procedures made proper identification of the owners of the confiscated drugs impossible.

The trial judge heard the testimony and decided that it was neither relevant nor helpful and so excluded the testimony. This evidence would not:

assist the trier of facts to understand the evidence or to determine a fact in issue.

Federal Rule of Evidence 702.

The admission of expert testimony is within the broad discretion of the trial judge and in our opinion the judge did not abuse his discretion. *Scholz Homes, Inc. v. Wallace,* 590 F.2d 860 (10th Cir.1979).

As we view it, the presentation of expert testimony criticizing the presentation of the other side of the case is not appropriate. It may be a proper subject for comment by the lawyers in their final arguments and seemingly the defendants' attorneys discussed the inadequacies in their final arguments to the jury. We conclude the trial court acted properly in excluding the testimony of defendants' expert.

## IV. THE DENIAL OF MASON'S MOTION FOR SEVERANCE.

Mason claims that the trial judge committed reversible error in failing to grant him a motion for severance. Mason alleges that at trial Peterson's attorney presented a defense antagonistic to Mason. He claims that Peterson's attorney put only Mason's name on a small exhibit tag, suggesting that Mason, not Peterson, was guilty. Second, Mason maintains that Peterson's attorney asked a police witness whether at his arrest Peterson denied that he owned the drugs and said that he wanted to go home. Third, Mason claims that Peterson's attorney expressed an opinion that Mason was guilty.

Mason did move for severance. This was denied on the ground that Mason did not show that there was prejudice resulting from a joint trial. Mason concedes that the trial judge's decision was probably correct at that early stage of the proceedings. Mason never renewed his motion for severance. Following Peterson's attorney's concluding argument, in which he gave the opinion that Mason was guilty, Mason's attorney moved for a mistrial based on the reference to matters outside the record, or, in the alternative, a cautionary instruction. The trial court did give such an instruction. We have considered the defendant's contention that he was entitled to a severance. The government maintains that the trial court's decision on the severance issue is a matter of discretion and is to be reversed only on defendant's showing of an abuse of discretion. *United States v. Parnell,* 581 F.2d 1374 (10th Cir.1978), *cert. denied sub nom., Cox v. United States,* 439 U.S. 1076, 99 S.Ct. 852, 59 L.Ed.2d 44 (1979); *United States v. Harris,* 441 F.2d 1333, 1336 (10th Cir.1971). *See also* 8 Moore's Federal Practice ¶ 14.02 at 14–6. Here again no abuse of discretion is apparent. Mason has failed to allege sufficient prejudice to reverse the trial judge's discretionary decision to deny Mason's motion for severance. The placing of Mason's

name only on an evidence tag too small for both defendants' names doesn't really show prejudice to Mason. Antagonistic defenses of co-defendants ordinarily are insufficient to constitute prejudice justifying severance. *United States v. Ready,* 574 F.2d 1009, 1015 (10th Cir.1978). The only possibility that has been offered by Mason is that prejudice resulted from Peterson's antagonistic defense. However he has not established prejudice to justify reversal of the trial court's denial of his motion to sever.

### V. THE QUESTION RAISED BY PETERSON THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

Defendant Peterson claims that his attorney unnecessarily taxed the patience of the trial judge and that counsel's behavior deprived defendant, therefore, of a fair trial. This was related to the fact that Peterson's counsel filed pre-trial motions late, and that during final argument counsel made inappropriate and unethical statements about the other defendants' guilt and about actions not in evidence. Peterson complains further that during sentencing his attorney failed to appear when called by the judge to read the Presentence Report, and later was called down by the judge for failing to give the report sufficient consideration. The trial judge finally ordered counsel to spend two hours studying the report prior to the sentencing.

■ The sixth amendment gives a defendant a right to effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 1448–1449, 25 L.Ed.2d 763 (1970); *Powell v. Alabama,* 287 U.S. 45, 57, 53 S.Ct. 55, 59, 77 L.Ed. 158 (1932). This circuit has articulated the standard of competence as follows:

> The Sixth Amendment demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent attorney.

*Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.), cert. denied, 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980). The Supreme Court has made clear that if counsel's incompetence is harmless error, a conviction of a criminal defendant will not be reversed. "There must be some adverse ef-

fect upon the effectiveness of counsel's representation" or "some other prejudice to the defense." *United States v. Morrison,* 449 U.S. at 365, 101 S.Ct. 665 at 668, 66 L.Ed.2d 564.

■ In this case there is little question but that Peterson's counsel did not behave at a high level. His actions, however, did not appear to prejudice the defendant. At the pre-trial hearing, the judge heard and ruled on motions raised by the attorney even though they were filed late. The motions of Peterson were decided the same way as those of the others. Counsel's statements during summation, although arguably improper, did not prejudice Peterson; if anything, counsel's statements would exculpate Peterson. Also the failure to read the Presentence Report was harmless error. The trial judge recognized that Peterson might suffer if counsel did not adequately prepare for sentencing, and ordered Peterson's attorney to read the report prior to sentencing.

We conclude that the contentions raised on appeal do not establish prejudicial error.

Accordingly, the judgment of the district court should be and the same is hereby affirmed.

United States Court of Appeals,
Tenth Circuit.