108 F.3d 1388
 97 CJ C.A.R. 457
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jon T. WETZEL, Petitioner-Appellant,
v.
STATE of Utah, Respondent-Appellee.
 No. 96-4081.
 United States Court of Appeals, Tenth Circuit.
 March 24, 1997.
 
 Before BRORBY, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Wetzel, a Utah state prisoner, is currently serving a life sentence for the murder of his wife. On November 16, 1994, Mr. Wetzel filed a petition for a writ of habeas corpus alleging he was denied equal protection of the law and due process when he was sentenced before the presentence report was completed. The magistrate judge recommended Mr. Wetzel's petition be denied on the grounds that "[i]n a case not involving imposition of the death penalty, failure to allow access to a presentence report does not violate a defendant's constitutional rights." After reviewing Mr. Wetzel's rambling objections to the magistrate judge's report and recommendation, the district court denied his petition for a writ of habeas corpus. Thereafter, the district court denied Mr. Wetzel's petition for a certificate of probable cause stating:
 
 
 3
 The court finds no merit to [Mr. Wetzel's] habeas petition and likewise no justification for an appeal of this court's denial of the petition for a writ of habeas corpus. The issues raised are frivolous and without substance. The issues raised by [Mr. Wetzel] in his objection to the report and recommendation of the magistrate judge were unintelligible and extraneous to those advanced in his original petition.
 
 
 4
 We agree.
 
 
 5
 In his Application for a Certificate of Probable Cause in this court, Mr. Wetzel argues he was denied equal protection of the law under the Fourteenth Amendment.[1] Apparently Mr. Wetzel is reiterating his contention that it was error for him to be sentenced before his presentence report was completed. However, failure to disclose the presentence report prior to sentencing does not violate a defendant's right to due process, nor does it otherwise violate the Constitution or laws of the United States. See United States v. Ainesworth, 716 F.2d 769, 772 (10th Cir.1983); United States v. Stidham, 459 F.2d 297, 299 (10th Cir.), cert. denied, 409 U.S. 868 (1972). Hence, Mr. Wetzel's contention is without merit.
 
 
 6
 We AFFIRM the district court's denial of a certificate of probable cause.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [1]
 Mr. Wetzel also argues his sentence is unconstitutional because of an ex post facto law. However, Mr. Wetzel did not properly raise this issue in the district court. We do not consider issues that were not addressed to the district court, absent compelling reasons not present in this case. Crow v. Shalala, 40 F.3d 323, 324 (10th Cir.1994). See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.")