**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DARRELL L. FRECH and SALLY M. FRECH,

      Defendants - Appellants.

Nos. 97- 6282
     97-6349

(D.C. No. CR-97-89-R)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

Defendants, Mr. Darrell Frech and Ms. Sally Frech, were indicted by a grand jury on charges of conspiracy and mail fraud, in violation of 18 U.S.C. §

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

371 and 18 U.S.C. § 1341. Mr. Frech was also charged with money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). At their arraignments before a United States magistrate judge, Defendants expressed their desire to represent themselves. See R., Vol. I, Docs. 1, 4; Supp. R., Vol. IV at 4-12; Vol. V at 4-11. Approximately one month later, in response to the government's Motion and Brief for Hearing on Defendants' Waiver of Counsel, the district court held a hearing to further advise Defendants of their right to counsel. See id. at Vol. 1, Doc. 10; see generally Vol. III. During that proceeding, the court appointed "standby counsel" to be available to Defendants. See id. at Vol. III at 23, 26-28; Supp. R., Vol. I, Docs. 18, 19. Defendants chose to represent themselves at trial rather than to accept the counsel appointed by the district court. See id. at Vol. I, Doc. 40. A jury convicted Defendants on all counts charged in the indictment.[1]

Prior to sentencing, Defendants filed an appeal in this court challenging the district court's jurisdiction.[2] This court reserved judgment on that appeal. The issues raised in that appeal and the issues raised by Defendants in the appeal filed

---

[1] The convictions stemmed from the "Agricultural Related Damages Program." Appellee's Br. at 3. Defendants asserted that this "Program" was the result of an alleged class action lawsuit in which the Federal Reserve, the Internal Revenue Service, and the entire banking system in the United States were allegedly found fraudulent and unconstitutional. See id. Defendants claimed that citizens could receive money through this program by filing a claim for damages and paying a $300 fee to Defendants.

[2] Docket number 97-6282 refers to that interlocutory appeal.

after their sentencing, docket number 97-6349, are virtually identical,[3] and the two appeals have been consolidated. We construe Defendants' *pro se* pleadings liberally. See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994). Defendants argue that their convictions are invalid for several reasons and ask this court to issue a writ of mandamus which will dismiss the indictments against them, vacate the jury verdict, dismiss the district court's orders and judgments, and set aside their sentences. See Appellants' Br. (No. 97-6349) at 38. We address each argument in turn.

Defendants maintain that their Sixth Amendment right to be represented by counsel was violated because they were and remain "in want of Effective Assistance of counsel." Id. at 1, 34. Defendants assert that the district court erroneously ruled that they knowingly and intelligently waived their right to counsel. We review *de novo* whether a defendant has voluntarily, knowingly, and intelligently waived his right to counsel. See United States v. Taylor, 113 F.3d 1136, 1140 (10th Cir. 1997). Defendants' contention that they were denied effective assistance of counsel in violation of their constitutional rights is a legally frivolous assertion which obscures the fact that Defendants' own

_____

[3] Because the two appeals present essentially the same arguments, we do not address the government's argument that appeal number 97-6282 should be dismissed for lack of jurisdiction.

obstreperous demands resulted in their proceeding to trial without representation.[4] The record reveals that the district court went to great lengths to encourage Defendants to accept appointed counsel at their arraignments, prior to and during their trial, and at sentencing. The district court repeatedly conducted the proper inquiry to determine that Defendants knowingly and intelligently waived their right to counsel, and the district court made explicit findings in this regard. See United States v. Silkwood, 893 F.2d 245, 248 (10th Cir. 1989), cert. denied, 496 U.S. 908 (1990); cf. Taylor, 113 F.3d at 1140 ("[A] refusal without good cause to proceed with able appointed counsel is a 'voluntary' waiver." (citation omitted)).

Although the Sixth Amendment provides defendants with the right to counsel in criminal cases, defendants who are appointed counsel are not entitled to counsel of their own choosing. See United States v. Nichols, 841 F.2d 1485, 1504 (10th Cir. 1988); see also United States v. Willie, 941 F.2d 1384, 1390 (10th Cir. 1991) ("[defendant's] clear expression that he could only work with an attorney who shared his views . . . [inter alia] constitute[d] a valid implied waiver of his right to counsel"), cert. denied, 502 U.S. 1106 (1992). Defendants repeatedly stated that they would only accept counsel who were not bar

---

[4] For example, Defendants refused to accept the assistance of counsel who utilized the appellation "esquire" because they believe this is a title of nobility which infringes on their rights as sovereigns and as Christians. See R., Vol. III at 5; Supp. R., Vol. VI at 7.

association members. The district court did not err in denying Defendants' desire for counsel who were not licensed to practice in Oklahoma and before the federal district court. See Nichols, 841 F.2d at 1503 & n.10 ("A defendant does not have a constitutionally protected right to be represented by a person who is not admitted to the bar."). Defendants were not willing to accept court-appointed counsel unless counsel signed a contract authored by Defendants. See R., Vol. I, Doc. 39; Vol. III at 20-21, 24-25. It was not unreasonable for the proposed court-appointed counsel to refuse to sign Defendants' proposed contract.

Defendants also argue that the search warrant utilized to seize evidence introduced at trial was defective because it misstated that the owner of the real property to be searched was Mr. Frech. See Appellants' Br. (No. 97-6349) at 17-19. Defendants also allege that the warrant was invalid because it was not supplemented with an affidavit of probable cause "supported by oath or affirmation from a de jure injured party." Appellants' App., Ex. 8 at 2. We review the reasonableness of a search warrant *de novo*. See United States v. Kennedy, 131 F.3d 1371, 1375 (10th Cir. 1997). When determining whether the issuing magistrate had a substantial basis for finding probable cause to issue the warrant, we give great deference to the magistrate judge's decision. See Illinois v. Gates, 462 U.S. 213, 236 (1983); Kennedy, 131 F.3d at 1375.

We note that Defendants did not file a motion to suppress the evidence

seized as a result of the warrant's execution. At trial, Defendants objected to the introduction of some evidence based on the alleged invalidity of the warrant. See R., Vol. IV at 78, 129-30, 142. During the trial, however, the court determined that the warrant was properly issued and executed.

Defendants' argument that the search warrant was invalid is without merit. Defendants have not proved that the warrant was invalidly issued or improperly executed. See United States v. Maestas, 2 F.3d 1485, 1491 (10th Cir. 1993); Mason v. United States, 719 F.2d 1485, 1488 (10th Cir. 1983). These Defendants offer no evidence that the facially valid warrant was based on a deliberately or recklessly false statement of material fact. See Maestas, 2 F.3d at 1491. The magistrate judge properly relied on the statements of the investigating officer in the affidavit to determine that there was sufficient probable cause to issue the warrant. We conclude that this warrant is well within the standards we have set for search warrants. See United States v. Richardson, 86 F.3d 1537, 1545 (10th Cir.) (reaffirming that an affidavit lacking personal knowledge of illegal activity is not fatal to the probable cause determination), cert. denied, ___ U.S. ___ , 117 S. Ct. 588 (1996); United States v. Sullivan, 919 F.2d 1403, 1423-24 (10th Cir. 1990) (stating that although the affidavit supporting the search warrants contained errors, the trial judge's findings were not clearly erroneous and defendants did not demonstrate otherwise). The warrant properly stated that Defendants' residence

was to be searched. Cf. United States v. Dahlman, 13 F.3d 1391, 1397 (10th Cir. 1993) (stating that mentioning the word "residence" in a warrant sufficiently counterbalances an ambiguous property description), cert. denied, 511 U.S. 1045 (1994). The ownership of the place to be searched was not material to the warrant's validity. Additionally, if for some reason the warrant were invalid, the officers' good-faith reliance on the facial validity of the warrant would fit the exception to the suppression doctrine set forth by United States v. Leon, 468 U.S. 897 (1984). See Dahlman, 13 F.3d at 1397-98.

Defendants claim that they are not subject to the United States criminal statutes under which they were convicted because the federal government and the District Court for the Western District of Oklahoma have no jurisdiction over them. See Appellants' Br. (No. 97-6349) at 10 ("[Defendants] have recognized that the Original 1787 Constitution has manipulatively been Suppressed and is no Longer a fundamental American Law and . . . [Defendants] have Declared their own Declaration of Independence from the De Facto UNITED STATES GOVERNMENT."). Defendants also argue that the capitalization of their names in court documents constitutes constructive fraud and, therefore, the federal courts do not have jurisdiction over them. Defendants claim that the District Court for the Western District of Oklahoma is not the proper venue for determination of this case. We review the district court's exercise of jurisdiction

-7-

and determination of venue under the *de novo* standard. See <u>United States v. Cuch</u>, 79 F.3d 987, 990 (10th Cir.), <u>cert. denied</u>, __ U.S. __ , 117 S. Ct. 384 (1996).

Defendants' arguments that the federal courts have no jurisdiction over them are similar to those labeled "frivolous" and "silly" by this court. <u>Collins</u>, 920 F.2d at 629-30. Defendants "blithely ignore 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over 'all offenses against the laws of the United States.'" <u>Id.</u> at 629. Defendants' assertion that the capitalization of their names in court documents constitutes constructive fraud, thereby depriving the district court of jurisdiction and venue, is without any basis in law or fact. Defendants have not argued that they are not residents of Alfalfa County, Oklahoma, which lies in the Western District of Oklahoma for purposes of determining venue. Additionally, the acts charged in the indictment were committed in the Western District of Oklahoma. We conclude that venue was properly in that district. <u>See</u> 18 U.S.C. § 3237(a); Fed. R. Crim. P. 18.

Defendants' remaining arguments are legally untenable. Defendants' allegation that the trial court erred in not allowing them to voir dire potential jurors is clearly without merit. <u>See</u> Fed. R. Crim. P. 24(a) (giving the courts discretionary power over voir dire); <u>United States v. Ainesworth</u>, 716 F.2d 769, 770 (10th Cir. 1983) ("We have previously dismissed this argument as frivolous

and do so again."). Defendants contend that they cannot receive due process of law in the courts of the United States and that a "Judicial Declatory [sic] Judgment" recorded in Oklahoma county records should be afforded full faith and credit by the United States federal courts. Defendants maintain that this declaratory judgment has res judicata effect in this matter. Defendants fail to cite any legitimate authority for their contention that the federal courts should give full faith and credit to the judgment of a private court convened by Defendants in Alfalfa County, Oklahoma.

Defendants maintain that their conduct under the purported Agricultural Related Damages Program was authorized by United States statutes, the United States Constitution, and a presidential executive order. They argue that, therefore, their conduct was not illegal. Defendants' allegation is without legal merit. During the trial this argument was dissected, explained, and disproved. Alternatively, this allegation might be read as an assertion that the government failed to prove the intent element of Defendants' crimes. Cf. Appellants' App., Ex. 26. It appears from the record that this issue was presented to the jury by Defendants. See R., Vol. IV at 123-25, 144. The jury was presented with sufficient evidence from which it could find beyond a reasonable doubt that Defendants possessed the requisite intent to defraud their victims. The jury was properly instructed on the defense of good faith and the definition of the terms

"willingly" and "knowingly."  <u>See</u> Supp. R., Vol. III at 23, 28, 34-35.

Finding no legal merit in any of Defendants' arguments that their convictions and sentences should be reversed, we AFFIRM Mr. Darrell L. Frech's conviction and sentence, and we AFFIRM Ms. Sally M. Frech's conviction and sentence.

AFFIRMED**.**

Entered for the Court

Monroe G. McKay
Circuit Judge