**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARTEN BERROCAL,

    Defendant-Appellant.

No. 00-4001
(District of Utah)
(D.C. No. 98-CR-250-S)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY,** and **ANDERSON**, Circuit Judges.

I. INTRODUCTION

    Defendant-Appellant Marten Berrocal entered a conditional guilty plea to one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Berrocal appeals the denial of his motion to suppress evidence obtained during a no-knock, nighttime search of his residence. Jurisdiction to consider Berrocal's appeal arises under 28 U.S.C. § 1291. This

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court **affirms** the order of the district court denying Berrocal's motion to suppress.

## II. FACTS AND PROCEDURAL HISTORY

Officer John Christoffersen of the Provo City Police Department received information from a concerned citizen regarding the Berrocal residence. The citizen suspected drug trafficking in the residence due to the number of individuals who stopped at Berrocal's residence but remained only briefly. Christoffersen then conducted what he called a "trash cover" of Berrocal's residence. Christoffersen found in Berrocal's trash container numerous items consistent with the manufacturing of methamphetamine, including empty "Mini-Thin" bottles, PH test strips, isopropyl alcohol, over 500 matchbooks with their strikers removed, "Red Devil" lye, "Heat" methyl alcohol, coffee filters with binders, latex gloves, and disposable masks.

Christoffersen prepared a proposed warrant to search Berrocal's residence. The warrant authorized a no-knock, nighttime search of Berrocal's residence to search for methamphetamine and items used in the production and distribution of methamphetamine. Christoffersen presented the proposed warrant to a Utah state judge in the early morning hours of April 21, 1998. The state judge issued the warrant.

The search warrant was executed by federal DEA Task Force Officers on the evening of April 21, 1998. Many items associated with the manufacturing and distribution of methamphetamine were found, including 2.8 grams of methamphetamine.

Berrocal was charged with one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He filed a motion to suppress the evidence obtained during the search, arguing, among other things, that the search violated the Fourth Amendment, federal statutory law, and state statutory law because it was conducted at night, without prior notice (i.e., no-knock), and without probable cause. The matter was referred to a United States magistrate judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report and recommendation rejecting Berrocal's arguments. The district court adopted the report and recommendation of the magistrate judge and denied Berrocal's motion to suppress. Berrocal then pleaded guilty to possession of methamphetamine with intent to distribute under 21 U.S.C. § 841(a)(1), and, upon the motion of the government, the court dismissed the charge of attempt to manufacture methamphetamine. Berrocal retained the right to appeal the decision of the district court denying his motion to suppress evidence.

III. DISCUSSION

A. Standard of Review

When reviewing a trial court's denial of a motion to suppress, this court considers the totality of the circumstances and views the evidence in a light favorable to the government. *See United States v. Long*, 176 F.3d 1304, 1307 (10th Cir.), *cert denied*, 120 S. Ct. 283 (1999). This court accepts the district court's findings of facts unless clearly erroneous. *See id.* The determination of whether those facts satisfy the Fourth Amendment and statutory standards for a no-knock search are questions of law subject to *de novo* review. *See United States v. Hill*, 60 F.3d 672, 681 (10th Cir. 1995); *United States v. Stewart*, 867 F.2d 581, 584 (10th Cir. 1989). Review of the issuance of a search warrant for probable cause, however, is more deferential: "[S]o long as the magistrate had a 'substantial basis for ... conclud[ing]' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)).

B. Probable Cause

Berrocal argues that neither the citizen informant nor the "trash cover" was sufficient to establish probable cause. As the district court correctly noted, however, Berrocal's analysis calling for a piece-by-piece evaluation of the

evidence is at odds with controlling precedent. "The determination of whether there was a substantial basis for concluding probable cause existed must be based on the totality-of-the-circumstances." *United States v. Glover*, 104 F.3d 1570, 1577 (10th Cir. 1997).

In this case probable cause was supported by two factors. First was the information provided by the citizen informant indicating visitation patterns to Berrocal's residence consistent with drug trafficking. It was not clear from the record whether the citizen informant was anonymous or known. As a general rule, at least some corroboration is required to support probable cause when the police receive anonymous information. *See J.B. v. Washington County*, 127 F.3d 919, 929-30 (10th Cir. 1997). The citizen informant's information was corroborated by the "trash cover" conducted by Officer Christoffersen, which revealed numerous items associated with the manufacturing of methamphetamine.

Berrocal argues that the affidavit submitted by Officer Christoffersen in support of the warrant does not indicate when the citizen witnessed the suspicious traffic, and thus does not rule out the possibility that the report was stale. *See United States v. Le*, 173 F.3d 1258, 1266-67 (10th Cir. 1999) (considering whether information supporting probable cause was stale). This argument fails, however, because of the corroborative effect of the "trash cover." Similarly, the

information provided by the informant undermines Berrocal's argument that the items found in his trash container were dropped there by someone else.

In light of the deference accorded probable cause determinations by state magistrates, this court affirms the district court's conclusion that the totality of the circumstances provide a substantial basis for the state magistrate's finding of probable cause.

C. No-Knock Warrant

Berrocal argues that both the Fourth Amendment and federal statutory law were violated by the authorization of the no-knock entry. In a federal prosecution, a search that is "federal in character" must comply with both federal constitutional standards and federal statutory standards, while a search that is "state in character" must comply only with federal constitutional standards. *See United States v. Millar*, 543 F.2d 1280, 1283-84 (10th Cir. 1976). In this case, state officials applied to a state judge for a state warrant. Federal officials conducted the search of Berrocal's residence, and a federal prosecution followed. It is not necessary to determine whether the search of Berrocal's residence was federal in nature, however, because the same conclusion is reached regardless of whether federal statutory law applies in addition to the Fourth Amendment.

In *Wilson v. Arkansas*, 514 U.S. 927 (1995), the Supreme Court held that the common law knock and announce requirement forms a part of the Fourth Amendment reasonableness inquiry. *See id*. at 931. The Court explained, however, that "law enforcement interests may also establish the reasonableness of an unannounced entry." *Id*. at 936. The Court noted that no-knock searches may be justified when evidence might be destroyed if advance notice was given. *See id.*; *see also Richards v. Wisconsin*, 520 U.S. 385, 395 (upholding a no-knock search because the officers had a reasonable suspicion that evidence would be destroyed if notice was given).

The district court concluded it was reasonable to suspect that evidence might be destroyed absent a no-knock search based on the material found during the "trash cover." Officer Christoffersen explained in his affidavit in support of the warrant that the material found during the "trash cover" indicated an amount of methamphetamine located in Berrocal's residence which could be easily destroyed or hidden if police officers announced their presence before entering. Berrocal challenges the district court's conclusion that it was reasonable to believe evidence might be destroyed upon notice. Berrocal also argues that he was entitled to an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), to demonstrate that Officer Christoffersen's statement in the affidavit concerning the amount of methamphetamine likely to be found was a deliberate

falsehood or a reckless disregard for the truth. Berrocal must make a "substantial preliminary showing" that Christoffersen's affidavit was false, however, before he is entitled to an evidentiary hearing. *See id.* at 169-70.

For both of these arguments, Berrocal relies on a statement made by Christoffersen in the police report after the garbage search. In this report Christoffersen indicated that the items found were "evidence of a large field processing taking place at the residence." Berrocal asserts that a "large field processing" is not consistent with an amount of methamphetamine that can be easily destroyed. As the district court noted, however, the police report does not contradict Christoffersen's statement in the affidavit that the methamphetamine could be easily destroyed. Christoffersen states in his affidavit that there were numerous materials found during the "trash cover," but also explains that these materials would produce only a small amount of methamphetamine. We agree with the district court that Christoffersen's statements are easily reconciled. Because Berrocal failed to make a preliminary showing that Christoffersen's statements were false, he was not entitled to an evidentiary hearing. In light of the items found during the "trash cover," it was reasonable to conclude that evidence might be destroyed if notice was given. Therefore, the no-knock search complied with the Fourth Amendment.

The no-knock search also complies with 18 U.S.C. § 3109, which provides:

The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant.

The Supreme Court has stated that 18 U.S.C. § 3109, like the Fourth Amendment, adopts the common law rule regarding no-knock entries. *See Sabbath v. United States*, 391 U.S. 585, 591 n.8 (1968). This court has recognized the correlation between the § 3109 and the Fourth Amendment knock and announce standards. *See United States v. Smith*, 63 F.3d 956, 962 (10th Cir. 1995), *rev'd on other grounds*, 516 U.S. 1105 (1996); *United States v. Ruminer*, 786 F.2d 381, 383 (10th Cir. 1986).

As with the Fourth Amendment knock and announce requirement, compliance with § 3109 may be excused when the officers have an objectively reasonable belief that exigent circumstances exist. *See United States v. Knapp*, 1 F.3d 1026, 1030 (10th Cir. 1993); *United States v. Stewart*, 867 F.2d 581, 584 (10th Cir. 1989). Exigent circumstances exist when there is a "likelihood that notice would result in the destruction of evidence." *United States v. Dahlman*, 13 F.3d 1391, 1398 (10th Cir. 1993). As discussed above, it was reasonable to believe that Berrocal could easily destroy or hide the amount of evidence believed to be in his residence. Thus, exigent circumstances existed and the search complied with § 3109.

D. Nighttime search

Finally, Berrocal argues that the nighttime search was invalid under Utah Code Ann. § 77-23-205. It is well established, however, that in a federal prosecution state law cannot serve as a basis for the suppression of evidence. *See On Lee v. United States*, 343 U.S. 747, 754-55 (1952); *United States v. Mitchell*, 783 F.2d 971, 973 (10th Cir. 1986). Berrocal's claim must therefore be rejected.[1]

IV. CONCLUSION

For the reasons stated above, this court **affirms** the district court's denial of Berrocal's motion to suppress.

ENTERED FOR THE COURT:

Michael R. Murphy
Circuit Judge

---

[1]The case of *Mason v. United States*, 719 F.2d 1485 (10th Cir. 1983), does not require an examination of state law in this case. While it is true that the *Mason* court considered the validity of a search involved in a federal prosecution by reference to Wyoming law, both the government and the defendant conceded that Wyoming law governed. *See id.* at 1489.