F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH ANDREW MORRIS, also
known as Andy Morris, also known
as Kenneth Doerge,

Defendant - Appellant.

No. 02-8050
D.C. No. 01-CR-138-03-B
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without

oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant appeals his conviction and sentence for Conspiracy to Possess with Intent to Distribute, and to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A) and 846. He claims that 1) his confession was not sufficiently corroborated by independent evidence, 2) his conviction should be reversed because it was not supported by sufficient evidence, and 3) his conviction should be reversed due to prosecutorial misconduct during closing argument.

We review *de novo* questions regarding sufficiency of the evidence, including sufficiency of corroboration. See United States v. Wiseman, 172 F.3d 1196, 1212 (10th Cir. 1999). We must determine whether any rational jury could have found all of the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). A conviction cannot be sustained on appeal where the offense was proven solely by an extrajudicial confession. United States v. Chimal, 976 F.2d 608, 610 (10th Cir. 1992). However, the corroborating evidence does not have to independently establish each element of the crime. Wiseman, 172 F.3d at 1212.

Our review of the briefs and the record reveal that the independent evidence establishing the trustworthiness of Defendant's confession was sufficient. Defendant's confession was corroborated by other evidence including his co-conspirator Mr. Davila's testimony, Special Agent Woodson's independent

-2-

investigation, hotel records, and Defendant's ability to pick out Mr. Davila's suppliers from large photographic arrays. Additionally, many of the details specifically recounted by Defendant directly parallel information given by Mr. Davila at trial and in other interviews.

Defendant then claims that even if his confession was properly submitted to the jury, his conviction was still not supported by sufficient evidence. This claim is without merit. A conspiracy conviction requires "(1) agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and (4) interdependence among the alleged coconspirators." United States v. Edwards, 69 F.3d 419, 430 (10th Cir. 1995) (quotations and citation omitted). Our review of the trial record including Defendant's confession, Mr. Davila's testimony, and Special Agent Woodson's testimony, reveals that the jury was provided with enough evidence to find Defendant guilty of Conspiracy to Possess with Intent to Distribute, and to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),(b)(1)(A) and 846.

Defendant's final claim is that his conviction should be reversed due to prosecutorial misconduct during closing argument. Where Defendant made a timely objection, we review the denial of a motion for new trial based on prosecutorial misconduct during closing arguments for an abuse of discretion.

-3-

United States v. Broomfield, 201 F.3d 1270, 1276 (10th Cir. 2000).

The prosecutor's statements at issue are as follows:

> At least be honest, ladies and gentlemen. Agent Woodson did not say he did not believe anything Mr. Morris said. He said, "I believe parts based on Mr. Davila's testimony." Don't come in here and say we didn't follow up because we didn't believe. If you really believe that I don't believe that Mr. Morris is guilty of these charges and Agent Woodson doesn't believe that and Agent Dobbs doesn't believe that, this is a lark for us – [Defense counsel objected, court told prosecuting attorney he could not say what he believed.] If this is just a lark for us, we're down here trying to convict an innocent person, acquit him. Acquit him. But that's bunk, ladies and gentlemen.

Rec., Vol. VII, at 313-14. The Government concedes on appeal that the prosecutor's comments were unprofessional. Aple. Br. at 32. We have long recognized the impropriety of a prosecutor's comments regarding his belief in the accused's guilt. See United States v. Ainesworth, 716 F.2d 769, 771 (10th Cir. 1983); United States v. Rios, 611 F.2d 1335, 1343 (10th Cir. 1979); United States v. Coppola, 479 F.2d 1153, 1163 (10th Cir. 1973). Therefore, we further hold that the comments in the instant case were improper.

Because the comments were improper, we must consider whether the impropriety requires a new trial. United States v. Pena, 930 F.2d 1486, 1491 (10th Cir. 1991). In order to make this determination, we must consider the trial record as a whole and order a new trial only if the "prosecutor's misconduct was enough to influence the jury to render a conviction on grounds beyond the

-4-

admissible evidence." Id. (internal quotations omitted).

Our review of the record and the briefs reveals that the prosecutor's improper argument was in response to defense counsel's closing argument that the Government "did not believe that Defendant was a drug dealer." Rec., Vol. VII, at 301. Even though our review is for an abuse of discretion, we agree with the district court that United States v. Young, 470 U.S. 1 (1985), is instructive. In Young, the Supreme Court held that the potential harm from prosecutor's remarks in which he stated his opinion that defendant was guilty did not amount to plain error because prosecutor was responding to defense counsel's repeated attacks on the prosecution's integrity. The Court stated that

> [i]n order to make an appropriate assessment, the reviewing court must not only weigh the impact of the prosecutor's remarks, but must also take into account defense counsel's opening salvo. Thus the import of the evaluation has been that if the prosecutor's remarks were "invited," and did no more than respond substantially in order to "right the scale," such comments would not warrant reversing a conviction.

Id. at 12-13. Because the prosecutor's improper argument was in response to defense counsel's similarly improper argument attacking the Government's integrity, we hold that the remarks, in context, do not warrant overturning the conviction.

Additionally, we note that the trial court took steps to mitigate any potential harm caused by the improper arguments. In response to defense counsel's

objection, the trial court told the Government's attorney that he could not say what he believed. The court also instructed the jury that the arguments of the attorneys were not evidence in this case and that it could convict or acquit the Defendant based only on the evidence. Additionally, the jury did not have a copy of the trial transcript during deliberations. Therefore, we agree with the district court that "the comments considered at their very worst as a commentary on the [prosecuting attorney's] belief did not prejudice the defendant." Rec., Vol. V, at 32-33.

The conviction and sentence are **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge