**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christine McNALLY, Defendant–**
**Appellant.**

**No. 98–50006.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1998.*

Decided Nov. 9, 1998.

34(a); 9th Cir. R. 34–4.

**1216**

Olivia W. Karlan, Assistant Federal Public Defender, Los Angeles, California, for defendant-appellant.

Nancy B. Spiegel, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: PREGERSON, D. W. NELSON, and THOMAS, Circuit Judges.

D.W. NELSON, Circuit Judge.

Defendant Christine McNally appeals her sentence, arguing that the district court improperly applied a two-level enhancement for obstruction of justice pursuant to United States Sentencing Guideline Section 3C1.1. Defendant claims that her false statements to law enforcement officials did not actually impede the investigation. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 11, 1996, Defendant and her brother Christian McNally lured their then–11–year–old niece, Laura McNally, from her foster parents' home. Defendant, Christian, and other family members then drove Laura to the Las Vegas airport where Defendant and Christian purchased an airplane ticket to Florida for Laura under a false name. When Defendant was questioned by the FBI at her residence on November 13, Defendant adamantly denied any knowledge regarding Laura's disappearance and also stated that Christian was not involved in Laura's disappearance. In addition, Defendant suggested that Laura's biological father had kidnapped her. On the same day, Defendant instructed her relatives in Florida to move Laura to a friend's home to evade the police. After repeated questioning, Defendant eventually admitted that she knew where Laura was and helped the police find Laura on November 14. Defendant pleaded guilty to conspiracy to commit an international parental kidnapping of a minor and was sentenced to five months imprisonment and a three-year term of supervised release, including five months of home detention, and a $3,000 fine.

## STANDARD OF REVIEW

We review the district court's interpretation of the Sentencing Guidelines de novo. See United States v. Robinson, 94 F.3d 1325, 1327 (9th Cir.1996). The district court's application of the Sentencing Guidelines to the facts is reviewed for abuse of discretion. See id. Factual findings underlying the sentencing decision are reviewed for clear error. See id.

## DISCUSSION

The question posed by this case is whether the district court abused its discretion when it applied a two-level sentencing enhancement pursuant to Section 3C1.1 for obstruction of justice. Section 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Application Note 3(g) states that "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense" warrants an enhancement. Therefore, when a defendant makes a materially false, unsworn statement to a police officer, the false statement must constitute an actual impediment, rather than a mere attempt to impede the investigation. *See United States v. Benitez*, 34 F.3d 1489, 1497 n. 6 (9th Cir.1994).

We find that the district court did not abuse its discretion in determining that Defendant's conduct warranted an obstruction enhancement. Defendant's purposeful conduct created an actual impediment or obstruction to the government's efforts to locate Laura. Defendant directed her family members to take Laura to a non-relative's home to prevent the police from finding her. As a result of Defendant's conduct, law enforcement did not know where Laura was during a period that spanned two days. Although a two-day delay in an investigation may not always warrant an obstruction enhancement, the delay in this case placed the well-being of a child at risk.

The Eleventh Circuit's decision in *United States v. Salemi*, 26 F.3d 1084, 1088 (11th Cir.1994), is instructive. In *Salemi*, the Eleventh Circuit held that the district court erred when it failed to apply an obstruction enhancement in sentencing a defendant who had purposefully acted to prevent the recovery of a kidnapped baby. *See id.* Similarly, in this case, Defendant orchestrated an effort to hide Laura from the police. Therefore,

* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

the district court's decision to enhance Defendant's sentence for causing a two-day delay in locating a kidnapped child was not an abuse of discretion.

## CONCLUSION

For the reasons stated above, we affirm the district court's sentence.

**AFFIRMED.**