UNITED STATES of America,
Plaintiff—Appellee,

v.

David Monroe BAUMANN,
Defendant—Appellant.

No. 01–10659.
D.C. No. CR–00–20297–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Feb. 27, 2003.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

MEMORANDUM**

David Monroe Baumann appeals the sentence imposed following his guilty plea to second degree murder of his wife on a military reservation in violation of 18 U.S.C. § 1111. He asserts that the district court erred by imposing upward adjustments for physical restraint of the victim under U.S.S.G. § 3A1.3 and for obstruction of justice under U.S.S.G. § 3C1.1. We have jurisdiction over this timely appeal under 28 U.S.C. § 1291 and we affirm.

■ Baumann's argument that the district court erred by imposing a two-level adjustment for physical restraint of the victim is without merit. While Baumann did not tie, bind or lock up his wife, he pinned her to the bathroom floor and prevented her from escaping. This constitutes restraint. *See United States v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Baumann's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Foppe,* 993 F.2d 1444, 1452 (9th Cir.1993). Moreover, when applying the enhancement the district court focused, not on the restraint inherent in the act of strangulation, but on Baumann's forcible confinement of Jacqueline to the bathroom and his pinning of her to the bathroom floor in a manner that prevented her escape. Therefore, the district court did not err in adjusting the offense level upward by two levels for physical restraint of the victim.

█ Baumann argues that the obstruction of justice enhancement was error despite his elaborate alibi because it did not significantly impede the investigation. For the adjustment to apply "when a defendant makes a materially false, unsworn statement to a police officer, the false statement must constitute an actual impediment, rather than a mere attempt to impede the investigation." *United States v. McNally,* 159 F.3d 1215, 1217 (9th Cir. 1998).

Here, the materiality of Baumann's false statements is indisputable. The question therefore is whether these statements "actually obstructed or impeded the investigation...." *United States v. Luca,* 183 F.3d 1018, 1022 (9th Cir.1999) (citing U.S.S.G. § 3C1.1, comment. 4(g)). The district court found that, while there was not a considerable delay in the investigation because of Baumann's deception, the crime scene was unalterably changed such that the police were prevented from possibly finding evidence supporting a charge of premeditated murder. Thus, the district court did not err in adjusting the offense level upward by two levels for obstruction of justice.

### CONCLUSION

Baumann's sentence is AFFIRMED.