**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Veronica THING, Defendant—**
**Appellant.**

**No. 03–50253.**
**D.C. No. CR–02–03254–IEG.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2004.

Decided Feb. 12, 2004.

U.S. Attorney, James V. Fazio, III, USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Marisa Lynne Dersey, FDCA–Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before NOONAN, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM[*]

Veronica Thing appeals her conviction for one count of importation of marijuana in violation of 21 U.S.C. §§ 952 and 960 and one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and the sentenced imposed by the district court. We affirm the conviction, but vacate the sentence and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

Thing contends that reversal is warranted because, she alleges, the prosecutor in this case committed prosecutorial misconduct. Her failure to object to alleged misconduct limits our review to plain error. *See United States v. Geston*, 299 F.3d 1130, 1135 (9th Cir.2002). "[B]efore an appellate court may address and correct an error not raised at trial several conditions must be satisfied: 'There must be (1) error, (2) that is plain, and (3) that affects substantial rights.' If all conditions are

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affects the fairness, integrity, or public reputation of the judicial proceedings.'" (quoting *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)).

■ Thing does not meet this high threshold in this case. There was no plain error in the government's incidental reference to drug organizations. In this case there was no expert testimony as to the structure, operation, and compartmentalized roles within sophisticated drug organizations. The contested testimony of Agent Bernard was introduced only in the context of establishing his qualifications and in responding to a question as to his regular duties. Agent Bernard indicated that one of his responsibilities was to investigate "organizations along the northern Mexican border" and the manners in which those groups are "moving narcotics into the United States." Thing's counsel did not object to this testimony though she had made a motion in limine to exclude any testimony referencing the structure of drug organizations. Moreover, Agent Bernard did not testify as to complex "payment fees" and role structures within organizations, but rather testified as to the amount of marijuana seized being a distributable amount with an estimated street value of $50,776.00. This testimony is not of the same character as expert testimony on the modus operandi of drug trafficking organizations that we have held impermissible in non-conspiracy cases. *See, e.g., United States v. Varela–Rivera*, 279 F.3d 1174 (9th Cir.2002).

Where the defendant does object, harmless error applies. *See United States v. Velarde–Gomez*, 269 F.3d 1023, 1034–35 (9th Cir.2001) (en banc). "Review for harmless error requires not only an evaluation of the remaining incriminating evidence in the record, but also the most perceptive reflections as to the probabilities of the effect of error on a reasonable trier of fact." *United States v. Bishop*, 264 F.3d 919, 927 (9th Cir.2001) (quoting *United States v. Harrison*, 34 F.3d 886, 892 (9th Cir.1994)). The test is "whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *See Neder v. United States*, 527 U.S. 1, 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (internal quotation omitted); *see also, United States v. Gonzalez–Torres*, 309 F.3d 594, 600 (9th Cir.2002) (noting reversal is required unless "there is not reasonable possibility that the error materially affected the verdict or, in other words, that the error was harmless beyond a reasonable doubt"), *cert denied*, ___ U.S. ___, 123 S.Ct. 1768, 155 L.Ed.2d 526 (2003); *United States v. Oaxaca*, 233 F.3d 1154, 1158 (9th Cir.2000) (noting that "the harmlessness of an error is distinct from evaluation whether there is substantial evidence to support a verdict").

■ The prosecutor's brief suggestion in closing argument that Thing's boyfriend might be "associated with this smuggling venture" did not constitute error in the context of this case where the defendant's sole defense was a lack of knowledge. In the case context, there was no error in the government's argument using reasonable inferences supported by the evidence in the case. *See e.g., United States v. Gray*, 876 F.2d 1411, 1417 (9th Cir.1989). Thus, even where reviewed on a harmless, rather than plain error basis, Thing's argument falls short because the bare references to organizations on which Thing's claim is based do not rise to the level of prosecutorial misconduct.

■ The government's references in closing argument to the lack of explanation by the defendant do not amount to plain

error in violation of *Griffin v. California,* 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We have recognized that there is "a fine line separating comment on the defendant's failure to testify and the failure of the 'defense' to explain the evidence." *United States v. Sehnal,* 930 F.2d 1420, 1424 (9th Cir.1991). However, the comments did not constitute plain error in this case because they were not extensive, nor was an inference of guilt from silence stressed to the jury as a basis for conviction. *Lincoln v. Sunn,* 807 F.2d 805 (9th Cir.1987).

Finally, we find Thing's argument that the prosecution improperly characterized the presumption of innocence, and improperly commented on the defense counsel's statements regarding the presumption of innocence to be without merit. In light of both the government's and the court's repeated statements and instructions regarding the government's burden to prove Thing guilty beyond a reasonable doubt, it is not reasonable to conclude that the statements materially affected the verdict. Accordingly, we find that this claim does not warrant reversal.

## II

The district court did not make sufficient findings to support its imposition of a two-level adjustment for obstruction of justice, and there was insufficient independent evidence in the record to sustain the adjustment. The Sentencing Guidelines provide that an increase in the defendant's base offense level is appropriate

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant

offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

U.S.S.G. § 3C1.1

■ The adjustment applies in several circumstances, one of which is where a defendant provides "a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, cmt., n. 4(g).[1] We have held, however, that the two-level adjustment is not warranted unless the false statement resulted "in a significant hindrance to the investigation or to [the defendant's] prosecution." *United States v. Solano–Godines,* 120 F.3d 957, 963 (9th Cir.1997) (citing *United States v. Magana–Guerrero,* 80 F.3d 398, 401 (9th Cir.1996); *United States v. Benitez,* 34 F.3d 1489, 1497 n. 6 (9th Cir.1994)). *See also United States v. McNally,* 159 F.3d 1215, 1217 (9th Cir.1998) ("Therefore, when a defendant makes a materially false, unsworn statement to a police officer, the false statement must constitute an actual impediment, rather than a mere attempt to impede the investigation."). The circumstances in this case are substantially similar to those in *Solano–Godines,* in which we held that the upward adjustment was improper. 120 F.3d at 964. Lies alone do not provide a basis for the adjustment; there must be hindrance to the investigation to the point of diversion of resources based on the false statements.

There was no finding by the district court to support the conclusion that the false statements hindered the investigation. The only findings pertaining to the

---

1. The former application note 3(g) is identical to the current note 4(g). *See* U.S. Sentencing Guidelines Manual, Appendix C, Vol. II, amendment 581. Thus, where earlier decisions have referred to the note as 3(g) it is referred to within this disposition as 4(g).

adjustment were based on the "many false statements and really specific statements that were outright lies." The presentence report did not recommend the adjustment, nor contain any information to support it. No evidence was tendered in support at sentencing, and the record evidence at trial is insufficient to support the adjustment. Therefore, we must remand for re-sentencing. On remand, we do not preclude either the defendant or the government from tendering new evidence in support of, or in opposition to, imposition of the adjustment.

## III

Thing's claim that the statutes of conviction are facially unconstitutional is foreclosed by *United States v. Hernandez*, 322 F.3d 592 (9th Cir.2003).

## IV

Accordingly, we affirm Thing's conviction. We vacate the district court's imposition of the two-level upward adjustment for obstruction of justice and remand for re-sentencing.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.