**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50538 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01130-VBF |
| v. | |
| JOHNNY LEMERT SABBATH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Johnny Lemert Sabbath appeals from the 235-month sentence imposed

following his bench trial conviction for conspiracy, in violation of 18 U.S.C. § 371,

armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d), and use or carrying of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sabbath contends that the district court clearly erred in imposing a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. The district court did not clearly err in applying the enhancement because Sabbath's lie to the authorities regarding the identity of one of the co-conspirators significantly impeded the investigation and prosecution of the offense. *See United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998).

Sabbath also contends the district court clearly erred by denying his request for a minor role adjustment pursuant to U.S.S.G. § 3B1.2(b). The district court did not clearly err in denying the adjustment because Sabbath failed to show he was entitled to such an adjustment where, among other things, he knowingly transported his co-conspirators to and from the robbery and planned to receive money in return, and he provided his cousin as an additional member of the robbery crew. *See United States v. Pinkney*, 15 F.3d 825, 827-28 (9th Cir. 1994); *see also United States v. Cantrell*, 433 F.3d 1269, 1282-84 (9th Cir. 2006).

**AFFIRMED.**

09-50538