NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50425 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00001-JVS |
| v. | |
| TARAKESWAR CHAUDHARY, a.k.a. Tarak Chaudhary, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Tarakeswar Chaudhary appeals from the 70-month sentence imposed

following his guilty-plea conviction for wire fraud, in violation of 18 U.S.C.

§ 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Chaudhary first contends that the district court erred in imposing an obstruction of justice enhancement under U.S.S.G. § 3C1.1. The record supports the court's conclusion that Chaudhary's movement of his computers and incriminating documents was purposefully calculated, and likely, to thwart the investigation of his crime. Therefore, the court did not abuse its discretion in imposing the enhancement. *See* U.S.S.G. § 3C1.1 cmt. n.1; *United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998) (application of obstruction of justice enhancement is reviewed for abuse of discretion).

Chaudhary next contends that the district court erred in denying his request for a continuance to file supplemental briefing on the issue of the obstruction of justice enhancement. Given the timing of Chaudhary's request, as well as the fact that he had previously briefed the question at issue, the court did not abuse its discretion. *See GCB Communications, Inc. v. U.S. South Communications, Inc.*, Nos. 09-17646, 10-16086, 2011 WL 1613152, at *3 (9th Cir. Apr. 29, 2011) (case management decisions of district court are reviewed for abuse of discretion); *United States v. Richter*, 488 F.2d 170, 173-74 (9th Cir. 1973).

Chaudhary also contends that his sentence is substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing

factors, Chaudhary's below-Guidelines sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Chaudhary lastly contends that he was denied due process by the court's implicit reference to his ethnic background at sentencing. The record belies this contention. The court's expressed concern was with the abuse of trust resulting from perpetrators of fraud targeting members of their own social group; it did not impose sentence on the basis of Chaudhary's ethnicity.

**AFFIRMED.**