**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10203 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00148-JAD-GWF-2 |
| v. | |
| ALEXIS TORRES SIMON, | MEMORANDUM* and ORDER |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 21, 2016
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,** District Judge.

Defendant Alexis Torres Simon and two co-defendants conspired with a confidential informant to rob drugs from a delivery van's driver, by abducting him and stealing his van. When arrested, en route to commit that crime, Simon was in

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Beverly Reid O'Connell, United States District Judge for the Central District of California, sitting by designation.

possession of a firearm.  Simon and a co-defendant also engaged in three earlier completed thefts.  A jury convicted Simon of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g); conspiracy to commit theft in an interstate shipment, in violation of 18 U.S.C. § 371; and three counts of theft from an interstate shipment, in violation of 18 U.S.C. § 659.  The district court then sentenced him to 192 months' imprisonment.  With the exception of one sentencing issue, on which we defer ruling, we affirm.

1.  Simon challenges the sufficiency of the evidence to support his conviction on Count 6, which alleged illegal possession of a firearm by a felon.  Having failed to raise this argument in the district court, he did not preserve the issue.  Therefore, we review for plain error.  United States v. Sullivan, 797 F.3d 623, 632 n.5 (9th Cir. 2015), cert. denied, 136 S. Ct. 2408 (2016).  There was no error because a reasonable jury could find, beyond a reasonable doubt, that Simon committed the offense.  For instance, Simon was recorded the day before the robbery, stating that he had a gun and planned to clean it that night so that it "doesn't matter if it gets lost," and Simon told "confidential human source" Corona on the morning of the robbery that he had a gun.  The jury was permitted to credit Corona's testimony, and we "must respect the province of the jury to ascertain the

2

credibility of witnesses." United States v. Stewart, 420 F.3d 1007, 1015 (9th Cir. 2005) (internal quotation marks omitted).

2. Simon argues that the district court erred by excluding certain proffered evidence concerning Special Agent Christensen and Corona, and by limiting the opportunity to question Christensen about his compliance with FBI Guidelines. We review for abuse of discretion the district court's exclusion of evidence. United States v. Backman, 817 F.3d 662, 665 (9th Cir. 2016). Simon also argues that the exclusion of the disputed evidence amounted to a due process violation because it deprived him of a defense. We review that claim de novo. United States v. Bahamonde, 445 F.3d 1225, 1228 n.2 (9th Cir. 2006).

After carefully considering all of the proffered evidence and the testimony at trial, we conclude that the district court did not abuse its discretion in excluding the evidence under Federal Evidence Rule 403. For example, the probative value of photographs posted on Corona's Facebook page was substantially outweighed by the risk of unfair prejudice. Similarly, the probative value of the state prosecutor's recollection about whether Christensen made a formal recommendation of probation for Corona was substantially outweighed by the potential for juror confusion, undue delay, and cumulative evidence. Extensive evidence demonstrated that, because of Christensen's efforts, Corona received a significant

3

benefit in state court from his assistance. Even assuming that the details of what others recalled about what Christensen said, to whom, and when were probative as to Christensen's bias and credibility, the court did not abuse its discretion in concluding that those details were very far removed from the issues relevant at trial and, accordingly, caused too great a risk of confusion and delay.

Simon's constitutional argument also fails:

> While the Constitution . . . prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. See, e.g., Fed. Rule Evid. 403.

Holmes v. South Carolina, 547 U.S. 319, 326 (2006). Simon was not deprived of a defense because he and his co-defendants introduced much evidence on the subject of the relationship between Christensen and Corona and much evidence on the subject of their lack of credibility. Simon had the opportunity to, and did, cross-examine both Christensen and Corona, and he could and did argue vigorously to the jury that they lied.

3. Simon's challenge to the district court's failure to strike a particular juror for cause is foreclosed by precedent. The juror was stricken through a peremptory strike. The exercise of a peremptory strike precludes an argument that the same

4

juror should have been removed for cause.  United States v. Martinez-Salazar, 528 U.S. 304, 317 (2000).

4.  Next, Simon contends that the prosecutor impermissibly commented twice, during rebuttal closing argument, on Simon's silence, in violation of Griffin v. California, 380 U.S. 609, 615 (1965).  As to one of the statements, we review for abuse of discretion because Simon objected, but as to the other we review for plain error because there was no objection.  United States v. Stinson, 647 F.3d 1196, 1211 (9th Cir. 2011); United States v. Doss, 630 F.3d 1181, 1193 (9th Cir. 2011).  We see no error.  Neither statement, when considered in context, is reasonably understood as having commented on Simon's silence.  Moreover, the court gave an appropriate instruction following the objection to one of the statements.

5.  Simon argues that the district court erred in various ways in its handling of Agent Easter's testimony concerning the probable locations of cell phones used by Simon and his co-defendants during one of the thefts.  Because Simon did not preserve any of the arguments he makes on appeal, we review for plain error.  Fed. R. Crim. P. 52(b).  Under the standard for plain error, United States v. Olano, 507 U.S. 725, 734 (1993), we find none, including in the district court's determination that the testimony was reliable.

6. With respect to his sentence, Simon asserts that the district court erred in applying a two-level enhancement under U.S.S.G. § 3B1.1(c) for being an organizer or leader of criminal activity. The district court did not err. Among other acts demonstrating his leadership role, Simon arranged for one of the co-defendants to be added to the conspiracy in the final hours before the planned abduction, and he instructed Corona on how to meet up with the co-defendant, where to park, where to drive, what car to use, and other details.

7. Finally, Simon argues that the district court committed a procedural error at sentencing by applying U.S.S.G. § 2X1.1. In Simon's view, the court was required to apply U.S.S.G. § 2B3.1. The district court applied several enhancements through operation of § 2X1.1 that likely would not have applied under § 2B3.1. We **defer** ruling on that issue.

Convictions **AFFIRMED**. Future proceedings in this case are stayed until further order of the court. Petitions for rehearing and petitions for rehearing en banc may be filed under the ordinary deadlines, but any petition may address only the issues resolved in this disposition.