
**NOT FOR PUBLICATION**

JUN 29 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10230 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00148-JAD-GWF-1 |
| v. | |
| JULIO DE ARMAS DIAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued October 21, 2016; Resubmitted June 15, 2017
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and O'CONNELL,[**] District Judge.

Defendant Julio De Armas Diaz and two co-defendants conspired with a confidential informant to rob drugs from a delivery van's driver, by abducting him and stealing his van. When arrested, en route to the crime, police officers

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Beverly Reid O'Connell, United States District Judge for the Central District of California, sitting by designation.

discovered, in the cars, a gun, zip ties, duct tape, and gloves.  Diaz falsely claimed that he did not know that there was a gun in his car.  Diaz and a co-defendant also had engaged in three earlier completed thefts.  A jury convicted Diaz of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; conspiracy to commit theft in an interstate shipment, in violation of 18 U.S.C. § 371; three counts of theft from an interstate shipment, in violation of 18 U.S.C. § 659; and making a false statement, in violation of 18 U.S.C. § 1001.  The district court then sentenced him to 130 months' imprisonment.  We affirm Diaz' convictions but, because the court miscalculated the applicable Guidelines range, we vacate his sentence and remand for resentencing.

1.  We reject Diaz' challenges to the district court's rulings on impeachment, for the reasons stated in United States v. Simon, 665 F. App'x 597, 599-600 (9th Cir. 2016) (unpublished), aff'd, 2017 WL 2469420, at *4 n.5 (9th Cir. June 8, 2017) (en banc).

2.  The district court did not err by declining to strike a juror, for the reasons stated in Simon, 665 F. App'x at 600.

3.  Sufficient evidence supported Diaz' convictions on the conspiracy counts.  In addition to describing the incriminating circumstances of the arrest, a confidential informant testified about clearly incriminating statements made by

2

Diaz, and the government introduced recordings of Diaz making clearly incriminating statements.

Sufficient evidence supported Diaz' convictions on the three theft counts. Diaz' recorded, incriminating statements recounting the specifics of the crimes, coupled with evidence of the crimes—such as video recordings showing Diaz' car at a crime scene—were sufficient for a jury to infer that Diaz committed the crimes.

Sufficient evidence also supported Diaz' conviction on the false-statement count. "[T]he materiality requirement of a § 1001 violation is satisfied if the statement is <u>capable</u> of influencing or affecting a federal agency." <u>United States v. Serv. Deli Inc.</u>, 151 F.3d 938, 941 (9th Cir. 1998). A reasonable jury could conclude that Diaz' lie that he did not know about the gun in the car—an important tool in the planned robbery—was capable of influencing the government's decision to prosecute Diaz and, if so, for what crimes.

4. For the reasons stated in <u>Simon</u>, 2017 WL 2469420, the district court properly applied the general conspiracy guideline found in U.S.S.G. § 2X1.1. Accordingly, the court properly applied enhancements for Diaz' <u>intended</u> conduct, including the planned abduction, carjacking, and loss amount. U.S.S.G. § 2X1.1(a).

But the district court abused its discretion by applying a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. Diaz falsely told law enforcement officers that he had no knowledge of the gun in the car. Because Diaz was not under oath, in order for this enhancement to apply, "the false statement must constitute an actual impediment, rather than a mere attempt to impede the investigation [or prosecution]." United States v. McNally, 159 F.3d 1215, 1217 (9th Cir. 1998).

Diaz' lie—the denial of knowledge of the gun in the trunk of the car—did not obstruct or impede the investigation. Given the overwhelming evidence of Diaz' guilt, the officers knew all along that he was lying. Had Diaz simply exercised his right to remain silent, the officers would have had to take the very same actions that they took, including the interpretive evaluation of the recorded statements. The government bore the burden of proving Diaz' guilt beyond a reasonable doubt. Diaz' lie did not obstruct or impede that burden at all, because the government would have presented to the jury the evidence of the recorded statements, and the meaning of those statements, regardless of Diaz' lie. Diaz' simple denial that he had knowledge of the gun in the car falls outside the scope of § 3C1.1. See U.S.S.G. § 3C1.1 cmt. n.2 ("A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury) . . . is not a basis for

4

application of this provision."); <u>United States v. Solano-Godines</u>, 120 F.3d 957, 964 (9th Cir. 1997) (holding that routine investigations that would have occurred anyway cannot constitute an actual impediment for purposes of § 3C1.1).

**Convictions AFFIRMED; sentence VACATED; and case REMANDED for resentencing.**