**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN VANDENBURG; CLAUDIA
VANDENBURG,

Plaintiffs-Appellants,

v.

COUNTY OF RIVERSIDE,

Defendant-Appellee.

No.    16-55354

D.C. No. 5:15-cv-00720-R-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 5, 2017
Pasadena, California

Before:  TASHIMA and BERZON, Circuit Judges, and KENNELLY,** District
Judge.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Claudia and John Vandenburg appeal the district court's grant of summary judgment in favor of the County of Riverside and denials of leave to amend their complaint to name Doe defendants.

**1.** We affirm the district court's grant of summary judgment to the County of Riverside. To prevail on their § 1983 claim against the County, the Vandenburgs must show that their constitutional rights have been violated and that the County is liable for the violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "[M]unicipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). A municipality is responsible where the plaintiff's injury was caused by a municipal policymaker, or was pursuant to a "policy or custom" of the municipality that "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 385, 392 (1989).

The Vandenburgs have not identified any other search marked by the same alleged constitutional deficiencies. A single mistake does not give rise to municipal liability; "proof of random acts or isolated events are insufficient to establish custom" under *Monell*. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989), *overruled on other grounds by Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010). Nor have the Vandenburgs shown a

policy of failing to train, supervise, or discipline officers amounting to "deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton*, 489 U.S. at 388. Deputy Matthew Bolle was investigated, disciplined, and docked the equivalent of eight hours of pay for the mistake he made in seeking a warrant for 25105 Tradewinds Drive. Even "adequately trained officers occasionally make mistakes" and "the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390–91.

Further, while "a municipality can be liable for an isolated constitutional violation when the person causing the violation has 'final policymaking authority,'" neither Deputy Bolle, who sought the warrant, nor the officers who searched the Vandenburgs' home, had such policymaking authority. *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality)).

Deputy Bolle's mistake is not sufficient for municipal liability to attach. We therefore affirm the grant of summary judgment to the County.

**2.** In addition to their *Monell* claim, the Vandenburgs also brought § 1983 and state law claims against unnamed individual officers, who they subsequently sought to name by amending their complaint. The district court denied the Vandenburgs' motions for leave to amend, in part on the basis that amendment

3

would be futile because the proposed named defendants are entitled to qualified immunity.

We review the denial of leave to amend for abuse of discretion. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 949 (9th Cir. 2006). Whether the defendants are entitled to qualified immunity is a question of law on which we need not defer to the district court. The "abuse-of-discretion standard does not mean a mistake of law is beyond appellate correction." *Koon v. United States*, 518 U.S. 81, 100 (1996).

Viewing the record in the light most favorable to the plaintiffs, we conclude that the individual officers in question would be entitled to qualified immunity, and that the district court therefore did not abuse its discretion in denying the plaintiffs' motions for leave to amend.

Qualified immunity protects the officers who executed the search and detained Ms. Vandenburg. Officers who conduct a search or arrest pursuant to a facially valid search warrant and reasonably rely on that warrant are entitled to qualified immunity. *See Los Angeles Cty. v. Rettele*, 550 U.S. 609, 616 (2007); *Michigan v. Summers*, 452 U.S. 692, 703–05 (1981). Inherent in the authorization to search is the authorization to detain incident to a search, and "to use reasonable force to effectuate the detention." *Muehler v. Mena*, 544 U.S. 93, 98–99 (2005).

4

The warrant for the Vandenburgs' residence at 25105 Tradewinds Drive was "issued by a detached and neutral magistrate" and particularized the place to be searched. *See United States v. Leon*, 468 U.S. 897, 913, 923 (1984). It was not "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986). When conducting the search, the officers did not handcuff or touch Ms. Vandenburg, and did not use unreasonable force in detaining her for a few minutes while they executed the warrant. The proposed named officers who conducted the search therefore enjoy qualified immunity.

Although the question is closer, Deputy Bolle is also entitled to qualified immunity. Generally, a magistrate's issuance of a warrant shields the officer from liability for subsequent execution of that warrant. *Summers*, 452 U.S. at 701. But if the officer submitted an affidavit containing material false statements "knowingly and intentionally" or with "reckless disregard for the truth," "he cannot be said to have acted in a reasonable manner, and the shield of qualified immunity is lost." *Branch v. Tunnell*, 937 F.2d 1382, 1387 (9th Cir. 1991) (internal quotations and citations omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The Vandenburgs' proposed amended complaint conclusorily alleges that Deputy Bolle engaged in judicial deception. But they have not plausibly alleged facts showing that Deputy Bolle acted with deliberate or reckless disregard for the truth. Deputy Bolle's warrant application relied upon the flyover he conducted, during which he identified marijuana grows at two neighboring properties that he believed to be 25105 Tradewinds Drive and 25121 Tradewinds Drive but which were in fact 25121 Tradewinds Drive and 25155 Tradewinds Drive. "[M]isstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause." *Chism v. Washington*, 661 F.3d 380 (9th Cir. 2011) (quoting *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978)). "Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). "Valid warrants will issue to search the innocent, and people like [Ms. Vandenburg] unfortunately bear the cost." *Rettele*, 550 U.S. at 615. As the Vandenburgs have not stated a plausible claim for judicial deception, we conclude that the district court did not abuse its discretion in determining that Deputy Bolle is entitled to qualified immunity.

**AFFIRMED.**