NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10172 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01061-DCB-JR-1 |
| v. | |
| MARK RYAN SHIPLEY, AKA Marc R. Shipley, AKA Marc Ryan Shipley, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted June 13, 2019**
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,*** District Judge.

Defendant Mark Shipley appeals his conviction and sentence for knowing

possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1.      Shipley contends that the district court erred by precluding his entrapment by estoppel defense.  We review *de novo* a district court's decision to exclude evidence of an entrapment by estoppel defense.  *United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991).   A court may preclude an entrapment by estoppel defense when no rational view of the evidence supports the defense.  *Id.*

We conclude that Shipley timely notified the defense of his desire to bring the defense.  But we hold that the district court did not err because no rational view of the evidence supports the defense in this case.  *See id.*  Shipley's reliance on any state order or official is insufficient; our precedent clearly requires "reliance either on a federal government official empowered to render the claimed erroneous advice, or on an authorized agent of the federal government." *Id.* at 1027.  Because our precedent requires that the federal official "affirmatively" mislead the defendant, the alleged behind-the-scenes participation by a federal official in Shipley's concealed carry permitting process does not suffice.  *See United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000).

2.      Shipley contends that the district court erred in denying his motion to suppress items found at a residence.  We review the denial de novo, *United States v. Gorman,* 314 F.3d 1105, 1110 (9th Cir. 2002), and we review the district court's underlying factual findings for clear error, *United States v. Martinez-Garcia*, 397

2

F.3d 1205, 1213 n.5 (9th Cir. 2005) (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)).

The warrant established probable cause to believe that evidence of Shipley's firearm possession would be located in the residence on the day it was searched. Among other supporting evidence, state and federal officials saw Shipley with a firearm on several occasions; federal agents observed a person similar in appearance to Shipley, with a car similar to Shipley's, at the residence the day before the search; and the day of the search, Shipley told federal agents that he kept a firearm at the residence. *See United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Even if the serial numbers of the Sig Sauer 556 and Glock .40 guns were struck from the warrant, the remaining information in the warrant was sufficient to establish probable cause that Shipley kept firearms at the residence, and was "specific enough to enable the person conducting the search reasonably to identify the things authorized to be seized." *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). Nor was the information in the warrant regarding guns at the residence stale, given that guns, "unlike drugs, are durable goods useful to their owners for long periods of time." *See United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995) (quoting *United States v. Singer*, 943 F.2d 758, 763 (7th Cir. 1991)). Lastly, Shipley did not establish that the warrant affiant knowingly or

recklessly included a reference to a gun that had already been recovered. *See United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978).

3.     Shipley argues that the enhancements for a Large Magazine (U.S.S.G. § 2K2.1(a)(4)(B)) and 8–24 Firearms (U.S.S.G. § 2K2.1(b)(6)(B)) should not apply because the large magazine and firearms were seized in the illegal search. We reject this argument because we conclude, for reasons discussed above, that the search was not illegal.

4.     Shipley argues that the obstruction of justice enhancement, U.S.S.G. § 3C1.1, should not apply because his conduct did not materially hinder or actually impede the investigation. We review a district court's interpretation of the Sentencing Guidelines de novo, and its factual findings for clear error. *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006).

Where the obstructive conduct occurs contemporaneously with arrest, the enhancement applies only where the obstruction "result[ed] in a material hindrance to the official investigation." U.S.S.G. § 3C1.1 cmt. 4(D). Similarly, if the obstructive conduct is "providing a materially false statement to a law enforcement officer," the adjustment is not warranted unless the statement "significantly obstructed or impeded the official investigation or prosecution." U.S.S.G. § 3C1.1. cmt. 4(G); *United States v. McNally*, 159 F.3d 1215, 1217 (9th Cir. 1998). However, where the conduct underlying the enhancement is "directing . . . another

4

person to . . . conceal evidence that is material to an official investigation . . . or attempting to do so," material hindrance or actual impediment is not required. U.S.S.G. § 3C1.1 cmt. 4(D).

Here, the district court found "clear evidence of an obstruction of justice in this case, particularly in the request made by the defendant [to] his wife to secrete or hide or get rid of the firearm that was at the premises." The material hindrance or actual impediment requirements do not apply to that type of obstructive conduct; the district court did not err in applying the enhancement.

We affirm Shipley's conviction and sentence.

**AFFIRMED.**